IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RUDY TEJADA, Sr.,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1009-O |
| | § | |
| **CHRIS RIVERS, Warden,**[1] | § | |
| **FMC-Fort Worth,** | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Rudy Tejada, Sr. ("Tejada"), a federal prisoner at FMC-Fort Worth. Pet.1-9, ECF No. 1. The Respondent filed a response and appendix, but Tejada has not filed any reply. ECF Nos. 17 and 18. After having considered the pleadings, applicable law and relief sought by Tejada, the Court concludes that the petition should be **DISMISSED** for the reasons set out below.

**I.    RELIEF SOUGHT**

In this § 2241 proceeding, Tejada, serving a federal sentence, claims he is entitled to credit towards that sentence for time served in state custody after the imposition of his federal sentence but before he was in federal custody. Pet. 3-4, ECF No. 1. Tejada writes the following:

---

[1] Chris Rivers is now the Warden at FMC-Fort Worth, and thus he should be substituted as respondent. The Clerk of Court is directed to make this update on the docket.

1

> [Tejada] contends that the BOP has wrongfully denied Tejada full credit for all lawfully accrued back time to which he is entitled. Tejada does not dispute where there is supporting evidence received from the United States Marshals indicated that Tejada was borrowed from state custody on January 21, 2015, via a Federal Writ of Habeas Corpus Ad Prosequendum for federal court appearance. On August 19, 2016, Tejada was sentenced to a 250 month term of imprisonment for conspiracy to possess with intent to distribute methamphetamine. Tejada is also well aware the BOP improperly calculated his sentence because he did not receive [time credit] for the period he was in custody from August 19, 2016, when his federal sentence was imposed, to [November 7, 2019].[2]

Pet. 3 and 4, ECF No. 1.

## II.   ANALYSIS

### A.   Failure to Exhaust Administrative Remedies

The Fifth Circuit has held that prisoners must exhaust available remedies before seeking habeas corpus relief. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). In *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993), the Fifth Circuit explicitly stated that "a § 2241 petitioner 'must first exhaust his administrative remedies through the Bureau of Prisons.'"

The Bureau of Prisons (BOP) has established a three-tiered Administrative Remedy Program through which inmates may seek formal review of complaints relating to almost any aspect of their confinement. See 28 C.F.R. 542.10 *et seq*. The regulations provide that an inmate must first attempt informal resolution. But if that fails to resolve the inmate's concerns, the inmate may file a formal complaint to the Warden at the institution. The next step is an appeal to

---

[2] Although Tejada, at different points in his petition, refers to the end-date for time credit sought as "08-08-2037," and "12-20-2019," he does not dispute that he was taken into federal custody and that the computation for his federal sentence began on November 7, 2019. Pet. 3-4, ECF No. 1. Thus, the Court considers his claim as seeking sentence credit for the time between August 19, 2016 until November 7, 2019.

the appropriate Regional Director "within 20 calendar days of the date that the Warden signed the response." 28 C.F.R. 542.15(a). The final appeal is to the BOP's Central Office in Washington, D.C., "within 30 calendar days of the date that the Regional Director signed the response." *Id*. Once the inmate has filed at each of these three levels, he has exhausted the administrative remedies available to him. *See, e.g., Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

The Fifth Circuit has consistently required that federal prisoners attempt to resolve their claim with the BOP through available administrative channels prior to asserting a habeas corpus claim in the federal district courts. *Fuller*, 11 F.3d at 62; *Rourke,*11 F.3d at 49. Documents provided by the Respondent show that, although Tejada commenced the steps for administrative review of his time-credit claim, he ultimately did not complete the exhaustion process. Resp. 1-4, ECF No. 17; App. 55-62 (Declaration of Paralegal Specialist Alisia Lyon and supporting BOP records), ECF No. 18. Tejada has not made any attempt to show that exceptional circumstances exist that would make exhaustion futile. *See Rouke*, 11 F.3d at 49. As such Tejada's § 2241 petition must be dismissed for lack of exhaustion.

B.     **Tejada's sentence has been properly calculated.**

Alternatively, Petitioner's claims for sentence credit must be denied.

The Attorney General, through the Bureau of Prisons (BOP), has responsibility for the imprisonment of federal offenders, and therefore, the computation of their sentences. *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson*, 503 U.S. 329, 331–32 (1992)). A federal prisoner's sentence calculation is primarily governed by 18 U.S.C. § 3585, "Calculation of a term of imprisonment." Paragraph (a) of the statute governs the date upon

which a prisoner's sentence commences and paragraph (b) governs the credit they receive for time they spent in official detention prior to the date their sentence commenced. *Id*. Thus, in any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences, and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of the sentence.

Federal law provides that a sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). In cases where a defendant is in primary state custody on pending charges, and the federal sentence runs consecutively to the as-yet undetermined state term of imprisonment, then the federal sentence does not commence until the U.S. Marshals' Service or the Bureau of Prisons gains exclusive custody of the prisoner.[3] Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a).

In this case, Tejada was sentenced on August 19, 2016. App. at 27-30 (Judgment, *United States v. Tejada*, No. 5:15-CR-0007–OLG(2)), ECF No. 18. However, Tejada was in primary state custody at the time and was subsequently returned to state custody following his federal sentencing. App. at 22-26 (US Marshal Service USM-129 for Tejada), ECF No. 18. On November 7, 2019, Tejada entered exclusive federal custody when he satisfied his state obligations and was released from TDCJ to the United States Marshals Service. App. at 31-41,

---

[3]See 18 U.S.C. § 3584(a) and BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), p. 1-32A, found at: https://www.bop.gov/policy/progstat/5880_028.pdf.

ECF No. 18. Tejada's federal sentence commenced at that time, because federal authorities did not have primary custody of him before that date, and the BOP had no prior authority to designate his assigned institution.

Relatedly, the Supreme Court has squarely held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." *Wilson*, 503 U.S. at 334. This responsibility to determine what credit, if any, to be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences belongs to the Attorney General, acting through the BOP. *Id.* at 335; *Leal*, 341 F.3d at 428. Because district courts lack authority to award or deny credit for time served at sentencing, the BOP is not bound by any district court declaration on the matter. *See In re Bureau of Prisons*, 918 F.3d 431, 439 (5th Cir. 2019).

The award of credit against a federal sentence for pre-sentence custody is primarily governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

The Fifth Circuit has established that "[a] writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti*, 621 F.3d 691, 693 (5th Cir. 1980). Thus, when a petitioner receives credit toward their state sentence for time spent in federal custody pursuant to a writ of

habeas corpus *ad prosequendum*, they are not entitled to receive credit towards their federal sentence for the same time served. *See Vignera v. Att'y Gen. of U.S.*, 455 F.2d 637, 637-38 (5th Cir. 1972) (petitioner's request for credit for time spent in federal custody under a writ of habeas corpus *ad prosequendum* was denied because they were serving a state sentence, and that time was credited against their state term); *McKinley v. Haro*, 83 F. App'x 591, 592 (5th Cir. 2003) (same). In other words, time spent in federal custody on a writ of habeas corpus *ad prosequendum* has no bearing on the general rule of 18 U.S.C. § 3585(b). *See Miller v. Upton*, No. 1:09-cv-804, 2012 WL 4094527, at * 2 (E.D. Tex. July 18, 2012), *rep. and rec. adopted*, (2012 WL Sep. 14, 2012).

Limited exceptions to the general rule of 18 U.S.C. § 3585(b) were set forth in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). However, these exceptions only apply in cases where a prisoner is serving *concurrent* state and federal sentences. *Willis*, 438 F.2d at 925*; Id.* at 1289.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a). In other words, if a defendant is sentenced in state and federal court on different days, and the judgments are silent with respect to consecutive or concurrent service, the sentences run consecutively. *See Id.*

In the instant matter, petitioner Tejada has failed to demonstrate the BOP's denial of time credit toward his federal sentence was not in accordance with the applicable statutes and case law. *See Leal*, 341 F.3d at 428. Tejada was given credit on his state term of imprisonment for all time spent in primary state custody until he was released into exclusive federal jurisdiction. Because the requested time (August 19, 2016, through November 7, 2019) was credited against

6

his state sentence, the plain language of 18 U.S.C. § 3585(b) precludes the BOP from giving Tejada credit for this time towards his federal sentence. Therefore, the BOP properly calculated Tejada's sentence, and his § 2241 petition must alternatively be dismissed with prejudice.

### III. CONCLUSION and ORDER

For the reasons discussed, petitioner Rudy Tejada, Sr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for want of exhaustion, and alternatively, **DISMISSED** with prejudice.

**SO ORDERED** on this **25th** day of **March, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE